United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTOINE GOMIS, | ) | No. C 06-3224 JW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | (Docket Nos. 2 and 4) |
| ALBERTO GONZALES, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a detainee of the Department of Immigrations and Customs Enforcement ("I.C.E.") in Bakersfield, California, has filed a pro se civil rights complaint under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Plaintiff challenges his detention, as well as a removal order by I.C.E. officials. He seeks money damages, release from custody and to vacate the removal order. Plaintiff requests leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Docket Nos. 2 and 4).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a

Order of Dismissal
N:\Pro - Se\7.27.2007\06-03224 Gomis03224_dismissal.wpd

1 governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims
2 or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,
3 malicious, or fails to state a claim upon which relief may be granted," or "seeks
4 monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).
5 Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't., 901
6 F.2d 696, 699 (9th Cir. 1990).

7     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
8 elements: (1) that a right secured by the Constitution or laws of the United States was
9 violated, and (2) that the alleged violation was committed by a person acting under the
10 color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

11 B.     Legal Claims

12     Plaintiff does not state a cognizable claim upon which relief may be granted.
13 With respect to his claims for money damages, he may not obtain such damages based
14 on his allegedly unlawful detention and removal by I.C.E. officials until his detention
15 and removal order have reversed on direct, expunged, declared invalid by a tribunal
16 authorized to make such determination, or called into question by a federal court's
17 issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-487
18 (1994); see Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (holding the rationale and
19 conclusion of Heck apply in cases brought under Bivens v. Six Unknown Named
20 Agents, 403 U.S. 388 (1971)).

21     With respect to plaintiff's claims for injunctive relief, specifically for release
22 from custody and to have the removal order vacated, the Supreme Court has
23 consistently held that any claim by a prisoner attacking the fact or duration of his
24 confinement must be brought under the habeas sections of Title 28 of the United States
25 Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520
26 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent
27 plaintiff wishes to challenge the fact or duration of his custody, he must do so in a
28

Order of Dismissal
N:\Pro - Se\7.27.2007\06-03224 Gomis03224_dismissal.wpd     2

habeas petition, not in a civil rights complaint.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff's motions to proceed in forma pauperis (Docket Nos. 2 and 4) are DENIED. No fee is due.

This order terminates Docket Nos. 2, 4, and any other pending motions.

DATED:  July 19, 2007

JAMES WARE
United States District Judge

Order of Dismissal
N:\Pro - Se\7.27.2007\06-03224 Gomis03224_dismissal.wpd